**T. M. EDWARDS, d/b/a T. M. Edwards & Co.**

v.

**WILBUR–ELLIS COMPANY.**

**Civ. A. No. 19581.**

United States District Court, N. D. Georgia, Atlanta Division.

July 31, 1974.

---

Michael J. King, Gerstein, Carter & Chesnut, Doraville, Ga., for plaintiff.

George V. Boyd, Herman L. Fussell, Stokes, Boyd, & Shapiro, Atlanta, Ga., for defendant.

## ORDER

MOYE, District Judge.

This diversity action for breach of contract was brought by the plaintiff-seller to recover losses incurred as a result of the defendant-buyer's refusal to accept peanut meal in accordance with an alleged oral contract reportedly evinced by the buyer's written confirmation. The action is presently before the Court on the buyer's motion for summary judgment with respect to the entire complaint or in the alternative for partial summary judgment with respect to Count II of the complaint in which the seller seeks to recover for loss of good will and future profits.

This dispute centers on the differences between the terms of an alleged oral contract and a subsequent purchase memorandum. The undisputed facts show that on June 29, 1973, a representative of the buyer and the seller had a telephone conversation regarding the purchase and sale of peanut meal. (Buyer contends this call involved only negotiations; seller contends the parties entered into an oral contract.) Thereafter, on July 2, 1973, buyer mailed a signed form to the seller entitled Purchase Memorandum which stated "WE CONFIRM having purchased from you as follows: . . . ." The buyer's memorandum was a preprinted form on which buyer typed in the terms of the agreement. Upon receipt, the seller disagreed with the typed terms of the agreement and changed them in pen and ink. Seller made the following pen and ink changes: (1) the quantity was changed from "100 short tons" to "100–120 short tons," (2) the shipment date was changed from "prompt" to "July," (3) the price was changed from "FOB Rocky Mount, N. C.," to "basic Rocky Mount, N. C.," and (4) the seller marked through the entire remarks section of the purchase memorandum which stated: "This purchase is intended for export and is subject to rules and regulations in existence or to be issued by the United States Government. In event of delay or prohibition of export, buyer has the option to cancel, postpone shipment or divert to domestic consumption." Immediately below the crossed out remarks section the seller wrote in pen and ink: "This was not a part of trade." Seller then returned buyer's purchase memorandum as altered without signing it. Thereafter the buyer's export permit application was denied by the United States Government and at that time buyer notified seller it was cancelling the order based on the export clause in the remarks section of the purchase memorandum.

After selling the peanut meal to a third party at an alleged loss, the seller filed this action. Seller contends that sales contracts in the commodities trade are always made orally because the commodity market is a volatile field and offers and acceptances are geared to the market price at the instant they are made or accepted during a particular day. Seller therefore contends that the buyer should be bound to the terms of the alleged oral contract of June 29, 1973, as evinced by the buyer's purchase memorandum of July 2, 1973. Seller argues that buyer's use of the past tense in the word "purchased" in the purchase memorandum is an admission that there was a prior oral sales contract but that

the terms of the oral contract were different from those buyer typed on the purchase memorandum.

Both parties agree that Georgia law applies and that since the dispute concerns the sale of goods, the Uniform Commercial Code (UCC) as adopted in Georgia is controlling. (Ga.Code Ann. Title 109A) [The Court's references to sections of the UCC will include only the basic UCC section number and not a full citation to Title 109A of the Georgia Code Annotated. Quotations of specific code sections, however, will be taken from Title 109A of the Georgia Code Annotated.]

Buyer's motion for summary judgment is based on the contention that the purchase memorandum of July 2, 1973, constituted the attempt of the parties to form a contract and the seller's alterations on that purchase memorandum show that there was no meeting of the minds and, hence, no contract. In opposition to this motion, seller contends that the contract was oral and the buyer's purchase memorandum was a written confirmation. In a nutshell, the issue before the Court is whether the buyer's purchase memorandum was an offer or a written confirmation. That is a material issue of fact which is hotly disputed and cannot be decided by summary judgment.

The draftsmen of the Code clearly envisioned the use of oral contracts in commerce and set forth the guidelines for their enforceability in the Code's statute of frauds section, UCC § 2–201.[1] Section 2–201(1) establishes the general rule that a contract for the sale of goods for a price of $500 or more must be evinced by a writing signed by the party against whom enforcement is sought in order to be enforceable by way of action or defense. The Code's exception to this general rule is set forth in UCC § 2–201(2) which enforces oral contracts made between merchants if evinced by a written confirmation sufficient against the sender. Under UCC § 2–201(2) a written confirmation of an oral contract, signed by the sender, satisfies the statute of frauds and permits enforcement of the prior oral contract even though the confirmation was not signed by the recipient. Comment 3 of the Official UCC Comments to UCC § 2–201 makes it clear that the effect of subsection (2) is to allow an enforceable contract to be formed even though only one party signs the written confirmation. Comment 3 states:

"Between merchants, failure to answer a written confirmation of a contract within ten days of receipt is tantamount to a writing under subsection (2) and is sufficient against both parties under subsection (1). The only effect, however, is to take away from the party who fails to answer the defense of the Statute of Frauds; *the burden of persuading the trier of fact that a contract was in fact made orally prior to the written confirmation is unaffected.*" [emphasis added]

The Court is of the opinion that this shows the draftsmen's intention to enforce oral contracts within the guidelines of UCC § 2–201(2).

At trial, seller will be permitted to establish that there was a prior oral contract and the terms thereof. Buyer's reliance on the parole evidence rule [UCC

---

1. U.C.C. § 2–201(1) and (2) provide:

"(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way by [*sic*] action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

"(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within 10 days after it is received."

§ 2–202] to prevent seller from going behind the written purchase memorandum to prove a prior agreement is misplaced. UCC § 2–202 provides:

"Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented (a) by course of dealing or usage of trade or by course of performance; and (b) by evidence of consistent additional terms unless the Court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."

The Code's parole evidence rule, quoted above, forbids the use of evidence of prior agreements only with respect to terms in the confirmatory memoranda to which the parties agree. Since the parties disagreed on every term in the alleged confirmatory memorandum, UCC § 2–202 will not prohibit the use of evidence of any prior agreement. The Court also notes that the very existence of this section is an indication that the terms of oral contracts are enforceable under the Code. Therefore, seller may present all evidence concerning the prior oral agreement and the terms thereof.

The Court recognizes the extensive use of oral contracts in the securities and commodities markets and is of the opinion that if the use of oral contracts is to be fostered and the true intent of the Code is to be given effect, a party seeking to enforce an oral contract should not be prevented from doing so merely because the alleged written confirmation incorrectly stated the terms of the prior oral contract. If the Court were to construe the law differently, a party to an oral contract could easily elude enforcement by sending a confirmatory memorandum which incorrectly stated all the terms of the prior oral contract.

Buyer's unopposed motion for partial summary judgment with respect to Count II of the complaint, which seeks to recover for the seller's loss of good will and future profits, is granted. [Local Rule 91.2 of the Local Rules of the United States District Court for the Northern District of Georgia.]